United States District Court
Southern District of Texas
**ENTERED**
August 14, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| VICTOR PALACIOS, | § <br> § <br> § |
| Plaintiff, | § <br> § |
| VS. | §    CIVIL ACTION NO. 7:22-cv-00290 <br> § |
| UNITED PROPERTY & CASUALTY <br> INSURANCE COMPANY, | § <br> § <br> § |
| Defendant. | § |

## **OPINION & ORDER**

The Court now considers this case.

**I.**    **FACTUAL AND PROCEDURAL HISTORY**

Plaintiff initiated this suit in Texas state court on June 30, 2022, alleging that Defendant United Property & Casualty Insurance Company underpaid him for damage to his property caused by a windstorm.[1] Defendant removed the case to this Court on August 19, 2022, on the basis of diversity.[2]

On February 16, 2023, the Florida Office of Insurance Regulation determined that grounds existed to initiate receivership proceedings against Defendant.[3] On February 20th, the Florida Department of Financial Services petitioned to be appointed as receiver for purposes of Defendant's liquidation[4] and to have the court sign a consent order already executed by Defendant.[5]

---

[1] Dkt. No. 1-3 at 4-5.
[2] Dkt. No. 1.
[3] Dkt. No. 7-1 at 4.
[4] *Id.* at 1.
[5] Dkt. No. 7.

The Department's filing of the petition for receivership operates as an automatic stay under Florida law that prohibits the continuation of judicial proceedings against Defendant.[6]

## II. DISCUSSION

Under the doctrine of *Burford* abstention, a "federal court should abstain from exercising jurisdiction where to do so would interfere with a specialized, unified state court system of adjudication designed to avoid inconsistent adjudication of claims arising from a comprehensive, detailed, and complex regulatory scheme in a subject area involving state law."[7] Insurance is a field typically reserved for the states, and states have enacted comprensive and reciprocal schemes for liquidation of insolvent insurers and the treatment of their policyholders and claimants.[8] "This doctrine has typically been applied where a suit for money damages is filed against an insurance company in receivership, on the ground that states have primary responsibility for regulating the insurance industry and have comprehensive receivership and liquidation regulations."[9]

Florida is no exception to this general rule. FL. STAT. § 631.192 allows claims when "[t]he event, whether an act or omission, occurred prior to the date of the order of liquidation," and §631.161 specifically provides for the handling of claims of nonresidents against insolvent Florida insurers. The remainder of that chapter covers the mechanism, proof, time to file, and the reciever's relationship with guarantee associations to handle claims like those brought by Plaintiff.[10] Therefore, the Court finds *Burford* abstention is appropriate.

While courts sitting in equity may dismiss a case on *Burford* grounds, the Supreme Court has "permitted federal courts applying abstention principles in damages actions to enter a stay, but

---

[6] Dkt. No. 7-1 at 1 (citing FL. STAT. § 631.041(1)(a)).
[7] *Martin Ins. Agency, Inc. v. Prudential Reinsurance Co.*, 910 F.2d 249, 254 (5th Cir. 1990) (citing *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943)).
[8] *See Munich Am. Reinsurance Co. v. Crawford*, 141 F.3d 585, 591 (5th Cir. 1998).
[9] *Health Net, Inc. v. Wooley*, 534 F.3d 487, 496 (5th Cir. 2008).
[10] *See generally* FL. STAT. § 631.

. . . not . . . to dismiss the action altogether."[11] In situations such as these, "[s]ince the dismissal of the [action] would implicate the merits, a stay pending actions of the state court such as dissolution of the injunction is the proper course."[12]

### III. CONCLUSION

For the foregoing reasons, the Court **STAYS** all deadlines and settings in this case and **SETS** a **STATUS CONFERENCE** for **September 19, 2023,** at **9:00 a.m.** The parties shall file a **STATUS REPORT** by **September 12, 2023.** Therein, Plaintiff's counsel shall inform the Court of how they intends to proceed, the steps taken to that end, and whether voluntary dismissal of the action in this Court will be appropriate. Defendant's counsel shall inform the Court about the status of their employment by Defendant in light of the receivership.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 14th day of August 2023.

_____
Micaela Alvarez
Senior United States District Judge

---

[11] *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996).
[12] *Anshutz v. J. Ray McDermott Co.*, 642 F.2d 94, 95 (5th Cir. 1981).